[Civ. No. 68935. Second Dist., Div. Four. Jan. 6, 1984.]

In re MANUEL J., a Minor.
LOS ANGELES COUNTY DEPARTMENT OF ADOPTIONS,
Petitioner and Appellant, v.
CRISPIN HERNANDEZ, Objector and Respondent.

**COUNSEL**

John H. Larson, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, and Sterling Honea, Deputy County Counsel, for Petitioner and Appellant.

Goldberg, Fuchs & Castro and Emma Castro for Objector and Respondent.

**OPINION**

**AMERIAN, J.—**

### FACTS

On December 23, 1981, 17-year-old Catalina J. (herein Ms. J.) gave birth to a son, Manuel J. On the birth certificate she listed "Cripin Munos," age 21, as father. On January 6, 1982, Ms. J. relinquished her son to appellant County of Los Angeles, Department of Adoptions (herein appellant).

### PROCEEDINGS IN THE TRIAL COURT

On July 21, 1982, appellant filed a petition under Civil Code section 232, seeking to free Manuel J. from parental custody and control.[1] In that peti-

---

[1]At the time the petition was filed, Civil Code section 232 provided, in part, "(a) An action may be brought for the purpose of having any person under the age of 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:

"(1) Who has been left without provision for his identification by his parent or parents or by others or has been left by both of his parents or his sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for his support, or without communication from such parent or parents, with the intent on the part of such parent or parents to abandon such person. Such failure to provide identification, failure to provide, or failure to communicate shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him. If in the opinion of the court the evidence indicates that such parent or parents have made only

tion, appellant alleged the father was "Cripin Munos - (alleged natural father) - whereabouts unknown." The petition further alleged that "Since 1-6-82 the minor's parents have not supported nor communicated with the minor. [¶] The minor's parents were not married. The whereabouts of the minor's parents are unknown. [¶] The Department can provide suitable adoptive planning for the minor."

Because the whereabouts of both mother and father was unknown, on August 4, 1982, appellant applied for and received an order for publication of citation in the section 232 proceeding. The application was supported by declarations showing the efforts made to locate each parent. In August 1982 the citation for the father of the minor was published. The citation provided, in part, "In the Matter of MANUEL [J.], Minor, A person who should be declared free from the custody and control of his parents. [¶] To Cripin Munos -(alleged natural father)- whereabouts unknown and to all persons claiming to be the father or mother of said minor person(s) above named. [¶] By order of this Court, you are hereby cited and required to appear before the Judge Presiding in Department 234, rm 7-311 of the . . . Criminal Court Bldg. 210 W. Temple-Los Angeles, Ca 90012 on October 25, 1982, at 8:00 A.M. of that day, then and there to show cause, if any you have, why said person should not be declared free from the control of his parents according to the petition on file herein." Proof of publication of this citation was filed on August 31, 1982.

On October 25, 1982, hearing on the section 232 petition was conducted. Neither parent appeared at the hearing. Default of each was entered. A probation report was received in evidence. In the probation report, the probation officer reported that the natural mother indicated that she had had sexual relations with a number of individuals and could not exactly pinpoint the natural father. "However, a Cripin Munoz [*sic*] approximately age 22 years was listed on the birth certificate." The court found that "it will be detrimental to the minor to be returned to his parents and the parents' rights are terminated. The minor is declared free from the custody and control of

token efforts to support or communicate with the child, the court may declare the child abandoned by such parent or parents. In those cases in which the child has been left without provision for his identification and the whereabouts of the parents are unknown, a petition may be filed after the 120th day following the discovery of the child and citation by publication may be commenced. The petition may not be heard until after the 180th day following the discovery of the child.

"The fact that a child is in a foster care home, licensed under Chapter 3 (commencing with Section 1500) of Division 2 of the Health and Safety Code, shall not prevent a licensed adoption agency which is planning adoption placement for the child, from instituting, under this subdivision, an action to declare such child free from the custody and control of his parents. When the requesting agency is a licensed county adoption agency, the county counsel, and if there is no county counsel, the district attorney shall institute such action."

All references herein are to the Civil Code, unless otherwise indicated.

his parents. Pursuant to Civil Code Section 239, LACDA is appointed guardian of the minor for the purposes of adoptive planning and placement."

On October 25, 1982, a judgment for freedom from parental custody and control was entered. The judgment was under section 232, subdivision (a)(1). It declared the minor to "be free from the custody and control of Cripin Munos (alleged natural father) & Catalina [J.] (mother) said parents, and of all persons claiming to be the father and/or mother of said minor; that the petition is granted as to Cripin Munos (alleged natural father) & Catalina [J.] (mother) pursuant to California Civil Code Section 232(a)(1); and judgment be entered in favor of petitioner and against said citee(s)."

On April 29, 1983, respondent Crispin Hernandez (herein respondent) filed a motion to set aside default judgment. The motion, set for hearing on May 16, 1983, purported to proceed under authority of Code of Civil Procedure section 473.5.[2]

In his declaration in support of the motion, respondent declared that he was the natural father of the minor and that he ended his relationship with the child's mother in June 1981. He declared that he was not aware of or informed of her pregnancy at that time, moved away from the neighborhood a month or two later and did not see or hear from the child's mother until February 1983.

Respondent further declared that in February 1983 he learned from a friend that he was the father of the child borne by Ms. J. Respondent then went to Ms. J. and learned that a male child, Manuel J., was in the custody of appellant and that a default judgment had been entered, freeing the child from parental care and custody.

---

[2]That section provides, "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him in such action, he may serve and file a notice of motion to set aside such default or default judgment and for leave to defend the action. Such notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him; or (ii) 180 days after service on him of a written notice that such default or default judgment has been entered.

"(b) A notice of motion to set aside a default or default judgment and for leave to defend the action shall designate as the time for making the motion a date not less than 10 nor more than 20 days after filing of such notice, and it shall be accompanied by an affidavit showing under oath that such party's lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect. The party shall serve and file with such notice a copy of the answer, motion, or other pleading proposed to be filed in the action.

"(c) Upon a finding by the court that the motion was made within the period permitted by subdivision (a) and that his lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect, it may set aside the default or default judgment on such terms as may be just and allow such party to defend the action."

In support of his motion, respondent included a declaration from Ms. J. In that declaration, the mother stated that she had sexual relations with no man other than respondent, at or before the time the child was conceived, that although she was three months pregnant at the time her relationship with respondent terminated, she did not tell him she was pregnant, and that she moved from the neighborhood shortly after they broke up. She stated in the declaration that respondent was the father of Manuel J.

The mother stated that she told adoptions workers that she did not know the whereabouts of the father and that his name was Crispin Munoz. According to Ms. J., respondent was also known to her as Crispin Munoz. Ms. J. stated that she informed respondent for the first time in February 1983 that she had given birth to a child and that he was the father.

On May 13, 1983, at 1:30 p.m. the minor was removed from the foster home by appellant and placed in an adoptive home.

The trial court, on May 16, 1983, set aside the default judgment "pursuant to Section 473.5 of the Civil Code [*sic*]." The trial court in ruling on the motion ordered the minor removed from adoptive placement and placed back in the foster home pending trial, which was set for August 1, 1983.

On May 17, 1983, appellant filed notice of appeal from the order setting aside the default judgment and ordering the minor removed from the adoptive home and placed in a foster home.[3]

### PROCEEDINGS IN THIS COURT

On May 18, 1983, appellant filed its petition for writ of supersedeas, requesting stay of the order removing the minor from his adoptive home and ordering a new trial on August 1, 1983. This court, on May 19, 1983, requested that letter briefs be filed on two points—(1) whether section 238 precluded the superior court from issuing its May 16, 1983, order setting aside the October 25, 1982, judgment and (2) whether Code of Civil Procedure section 473.5 was a section which might afford relief to respondent.

After the filing of letter briefs, we granted the writ on June 23, 1983, and stayed both the order for trial on August 1, 1983 and the order directing that the minor be removed from adoptive placement and returned to the former foster home.

---

[3]No formal order was signed. The reporter's transcript shows the action taken by the trial court.

## ISSUES

Two issues are presented in this appeal:

A. Did the trial court have jurisdiction to set aside the judgment of October 25, 1982?

B. Did the trial court have jurisdiction to order the minor out of the adoptive home to which he had been placed and back into a foster care home?

We hold that section 238 deprived the trial court of jurisdiction to set aside the judgment of October 25, 1982. Accordingly, there was no jurisdiction conferred on the trial court, by the motions before it, to make orders concerning placement of the minor.

## DISCUSSION

In order to evaluate the significance of chapter 4 of part 3 of division 1 of the Civil Code (§§ 232-239), it is necessary to examine the reasons for enactment of that chapter in 1961. The procedure for freeing a minor from parental control had theretofore been located in Welfare and Institutions Code section 701. After a study by a commission evaluating the administration of juvenile justice (Rep. of Governors Special Study Com. on Juvenile Justice, Recommendations for a Change in Cal. Juvenile Court Law), a comprehensive revision of Juvenile Court Law was adopted in 1961. (Stats. 1961, ch. 1616.)

Because the Welfare and Institutions Code section 701 procedure for freeing a minor from parental control was used for the purpose of eliminating the right of parental control as an obstacle to adoption proceedings, the section was transferred to the Civil Code. (*In re Joseph T.* (1972) 25 Cal.App.3d 120, 130 [101 Cal.Rptr. 606]; *Selected 1960-1961 Cal. Legislation* (1961) 36 State Bar J. 862, 864.)

The Legislature in 1965 provided that, "The provisions of this chapter shall be liberally construed to serve and protect the interests and welfare of the child." (§ 232.5.) With this legislatively declared objective in mind, we turn to an analysis of chapter 4.

Section 232 defines the class of persons entitled to be declared free from parental control. Section 232.3 provides for prompt hearing of the petition.[4]

---

[4]The Legislature in adopting section 232.3 stated, " 'It is the intention of the Legislature in enacting this legislation to recognize the devastating effects upon a child who remains in foster care indefinitely and is shifted from one home to another over a period of years and to also recognize the importance of a child's need for a permanent family of his own as quickly as possible.' "

Section 235 requires that notice of the hearing be given to specified classes of persons. The notice is by way of citation. Provision is made for service of citation by publication in specified instances. (§ 235, subd. (b).) Failure to appear at the hearing may be punishable as contempt. (§ 236.) A parent who appears at a hearing without counsel and is unable to afford counsel has the right to court appointed counsel to represent the interests of that parent. (§ 237.5.)

Section 238 provides, "Any order and judgment of the court declaring a minor person free from the custody and control of any parent or parents under the provisions of this chapter shall be conclusive and binding upon such minor person, upon such parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making such order and judgment, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal from such order and judgment."

At the time the minor is declared free from parental control, the court is required either to appoint a guardian of the minor or to "refer the minor to a licensed adoption agency for adoptive placement."[5] (§ 239.)

What emerges is an expeditious method for resolution of the status of the minor which at the same time preserves due process rights of the persons from whom the minor may be declared control-free.

Here, the mother furnished for the birth certificate the name of Crispin Munoz as father. She now acknowledges that Crispin Munoz and Crispin Hernandez are the same person and that he is the father of Manuel J. She alleges, however, that he was known to her as Crispin Munoz.[6]

In giving notice of the section 232 proceeding, the agency gave notice to the person named on the birth certificate as father "and to all persons claiming to be the father" of the minor.

■ Neither the petition nor the citation mentioned the name Crispin Hernandez. On this basis respondent claims he has never received notice of the pendency of the hearing and because he has not received notice, re-

---

[5]The judgment of October 25, 1982, provided that custody and control of Manuel J. remain with appellant "for purposes of adoptive planning and placement."

[6]One cannot tell from the record whether the mother was given this false name by respondent in an effort by him to conceal from her his true identity at the time they were engaging in sexual relations or whether respondent went by both names and was known by both names generally in the community. The declaration of respondent does not include any reference to whether he uses or has used the name Crispin Munoz.

spondent urges that section 238 has no application to the case. He also urges that he is entitled to relief under Code of Civil Procedure section 473.5.

The competing interests are, on the one hand, those of society and the child in resolving with finality the status of the minor, thereby facilitating placement and subsequent adoption of the minor, and, on the other, the interest of a person claiming to be a parent in having notice of, and an opportunity to be heard at, the hearing concerning the freeing of the minor from parental control.

In our view finality of the determination of the status of the minor is compelled where, as here, the agency filing the petition has exercised reasonable diligence in attempting to locate the address and whereabouts of those then known to it as parents of the minor. (Cf. *In re Beebe* (1974) 40 Cal.App.3d 643 [115 Cal.Rptr. 322].)

As to notice by publication (the form of notice extended to respondent here), in an in rem proceeding such as a proceeding concerning the status of minor under section 232, the critical question is whether the form of notice given satisfies due process consideration.[7] (*In re Rose G.* (1976) 57 Cal.App.3d 406, 421 [129 Cal.Rptr. 338]. See also *Lehr* v. *Robertson* (1983) 463 U.S. 248 [77 L.Ed.2d 614, 103 S.Ct. 2985].)

"Due process is satisfied by notice by publication because of a rule of necessity. [Citation.] It is a tenet of due process of law that generally notice must be given which will inform persons of proceedings which will adversely affect their legally protected interests. In some situations, as for example when the identity or location of the persons to be affected is unknown, actual notice is not possible. Decisional law has established the proposition that in those situations the requirement of notice is not excused but rather is satisfied by a fictional form. The most common fictional form is notice by publication. [¶] Due process is satisfied in those circumstances where notice by publication is sufficient, not because of the likelihood that publication will give actual notice, but because publication satisfies the legal fiction. . . ." (*In re La Opinion* (1970) 10 Cal.App.3d 1012, 1019 [89 Cal.Rptr. 404].)

Because under section 238 there was no jurisdiction in the trial court to consider the motion to set aside the default judgment, it follows that there was no jurisdiction in the court at that time to make changes in the placement of the minor.

---

[7]Respondent, however, has not raised a due process claim either in the trial court or in this court.

## DISPOSITION

The order of May 16, 1983, is reversed.

Woods, P. J., and McClosky, J., concurred.